

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NOS. WR-88,139-01 AND WR-88,139-02

### EX PARTE FRANK HERBERT DOZIER JR., Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 26394 HC-1 AND 26393 HC-1 IN THE 6TH DISTRICT COURT FROM LAMAR COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with intent to distribute methamphetamine and possession of marihuana, and he was sentenced to terms in prison. The Sixth Court of Appeals affirmed the convictions. *Dozier v. State*, Nos. 06-16-00030-CR and 06-16-00031-CR (Tex. App.—Texarkana del. Feb. 24, 2017).

In his habeas applications, Applicant contends, *inter alia*, that his trial counsel rendered ineffective assistance. Trial counsel has supplied an affidavit, but several issues remain unresolved. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order trial counsel to respond to Applicant's claim that counsel failed to challenge the search warrants for Applicant's residence and for a "stash house" where a vehicle was also searched. Trial counsel shall also respond to Applicant's claim that counsel failed to request an accomplice-witness instruction regarding witness Diedra Sims. Applicant's remaining claims lack merit. To obtain counsel's response, the trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall supplement the habeas record with copies of the search warrants and supporting affidavits. The trial court shall make findings of fact and conclusions of law regarding whether trial counsel was deficient and whether Applicant suffered resulting harm. *Strickland v. Washington*, 466 U.S. 668 (1984). The trial court may also make any other findings of fact and conclusions of law it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

The applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: November 14, 2018
Do not publish